**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NASIR BOYKIN-SMITH, on behalf of herself and all others similarly situated, <br><br>               PLAINTIFF, <br><br>     - AGAINST - <br><br> NEW YORK INSTITUTE OF TECHNOLOGY, <br><br>               DEFENDANT. | Case No. 2:20-CV-04108(JMA)(AKT) <br><br> **FIRST AMENDED CLASS ACTION COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

Plaintiff Nasir Boykin-Smith ("Plaintiff"), by and through the undersigned counsel, brings this class action against Defendant New York Institute of Technology ("NYIT," the "Institute," or "Defendant"), and alleges as follows based upon information and belief, except as to the allegations specifically pertaining to her, which are based on personal knowledge.

## NATURE OF THE ACTION

1.  This is a class action lawsuit on behalf of all persons who paid tuition and/or fees to attend New York Institute of Technology for in person hands-on educational services and experiences for the semesters or terms affected by Coronavirus Disease 2019 ("COVID-19"), including the Spring 2020 semester, and had their course work moved to online only learning and failed to receive the services for which they paid fees for.

2.  Students, like Plaintiffs, were required to pay tuition for the Spring 2020 semester to attend NYIT, including a typical tuition price of approximately $19,030.00 for undergraduate students, and mandatory fee for each semester of approximately $850.00 to $2,310.00, including

a Student College Fee ("Mandatory Fee"). Additionally, students typically were required to pay $800.00 in health insurance fees, and over $7,700.00 in room and board if they resided on NYIT housing.

3.    NYIT has not refunded any amount of the tuition or any of the Mandatory Fee, even though it canceled in-person classes on or about March 10, 2020, and began the transition to online only learning.

4.    Because of the Institute's response to the COVID-19 pandemic, on or about March 10, 2020, the Institute also stopped providing services or facilities the Mandatory Fee was intended to cover.

5.    The Institute's failure to provide the services for which tuition and the Mandatory Fees were intended to cover since approximately March 10, 2020 constitutes a breach of the contracts between the Institute and Plaintiff and the members of the Class and is unjust.

6.    In short, Plaintiff and the members of the Class have all paid for tuition for a first-rate education and on-campus, in person educational experiences, with all the appurtenant benefits offered by a first-rate university. Instead, students like Plaintiffs were provided a materially deficient and insufficient alternative, which constitutes a breach of the contracts entered into by Plaintiff with the Institute.

7.    As to the Mandatory Fees, Plaintiff and the Class have paid fees for services and facilities that were simply not provided.

8.    This failure also constitutes a breach of the contracts entered into by Plaintiff with NYIT.

9.    Plaintiff seeks, for herself and Class members, the Institute's disgorgement and return of the pro-rated portion of its tuition and Mandatory Fees, proportionate to the amount of

time in the respective semesters when the Institute closed and switched to online only learning. The return of such amounts would compensate Plaintiff and the Class members for damages sustained by way of Defendant's breach.

10.     Plaintiff seeks for herself and Class members protections including injunctive and declaratory relief protecting Class Members from paying the full cost of tuition and Mandatory Fees during the pendency of the pandemic in light of the educational services, opportunities, and experiences Defendant can actually safely provide.

**<u>PARTIES</u>**

11.     Plaintiff Nasir Boykin-Smith was an undergraduate student during the Spring 2020 semester. In the Spring 2020 semester, NYIT charged Plaintiff approximately $18,300.00 in tuition, and $705.00 in Mandatory Fees, including the Student College fee. Additionally, Plaintiff Boykin-Smith was charged $160.88 for A.W.G. Insurance, $800.00 in NYIT Health Insurance, and $7,902.50 for Room and Board.

12.     Plaintiff Boykin-Smith is a resident of Hollywood, Florida.

13.     Plaintiff Boykin-Smith paid tuition and Mandatory Fees for in-person educational services, experiences, opportunities, and other related collegiate services. Plaintiff Boykin-Smith has not been provided a pro-rated refund of the tuition for her in-person classes that were discontinued and moved online, or the Mandatory Fee she paid after the Institute's facilities were closed and events were cancelled.

14.     Defendant NYIT is a private college with two main campuses – one of which is located in Old Westbury, New York, and the other in Manhattan, New York.

15.     NYIT that was founded as 1955. The Institute offers numerous major fields for undergraduate students, as well as a number of graduate programs.

3

16.     Defendant's undergraduate and graduate programs includes students from many, if not all, of the states in the country. Defendant is a citizen of New York.

## JURISDICTION AND VENUE

17.     Defendant elected to remove this matter to Federal Court based on its assertions that jurisdiction is proper.

18.     Defendant asserts that this Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A), because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which one or more of the other Class members are citizens of a State different from the Defendant.[1]

19.     Defendants have asserted that this Court has personal jurisdiction over Defendant because it resides in this District.

20.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), because Defendant resides in this District and is a resident of the state in which the District is located.

21.     Plaintiff attended NYIT in this District and in New York State.

## FACTUAL ALLEGATIONS.

22.     Plaintiff and Class Members paid tuition and Mandatory Fees to attend NYIT's Spring 2020 semester. The Spring 2020 semester started on January 21, 2020 and ended on or around May 21, 2020.

23.     Tuition at NYIT was approximately $19,030.00 for undergraduate students, and Mandatory Fees for each semester were approximately $850.00 to $2,310.00, including the Student College Fees. Additionally, students could be required to pay $800.00 in health insurance

---

[1] Plaintiffs are not in position to corroborate such an assertion – in particular, the percentage of putative class members who are citizens of the State of New York versus those who are not – which would otherwise allow for a determination of whether CAFA jurisdiction is proper.

fees, and over $7,700.00 in room and board.

24.    Plaintiff and the members of the Class paid tuition for the benefit of on-campus live interactive instruction and an on-campus educational experience throughout the semesters.

25.    Defendant priced the cost of tuition based on the assumption of a full term of in-person learning. *See* Defendant's 2019 Undergraduate Catalog ("Tuition is computed on the assumption that a student will remain throughout the academic year.")[2].

26.    Upon information and belief, Defendant priced the Mandatory Fees based on the amount of services that students like Plaintiffs would received via in-person access.

27.    Throughout March 2020, the Institute made public announcements adjusting educational services and opportunities that affected Plaintiff.

28.    The Institute has not held any in-person classes since March 10, 2020 for undergraduate students.  All classes since March 10, 2020 have only been offered in a remote online format with no in-person instruction or interaction.

29.    The services for which the Mandatory Fees were assessed were also terminated or cancelled at or about this time, such as access to NYIT's health and wellness facilities, programs or services; fitness facilities; student events or sports; and an in-person commencement.

30.    Specifically, NYIT charged Plaintiff and the Class between $850.00 and $1,200.00 for a Student College fee, per semester. According to Defendant's own website "Undergraduate College Fee covers the use of academic and recreational facilities and services, including student activities, counseling, career services, recreation, athletics, smart classroom technology, access to cutting-edge computers (Mac and PC) and makerspaces, advising and library resources."[3]

31.    As a result of Defendant's response to the Coronavirus, Plaintiff and the Class were

---

[2] https://catalog.nyit.edu/files/catalog/archives/NYITUndergraduateCatalog_AY1920.pdf
[3] https://www.nyit.edu/bursar/tuition

denied access to such facilities, services, and technology despite paying the College Fee.

32.     NYIT has not provided reimbursement or refund information regarding tuition or the Mandatory Fees.

33.     Students attending NYIT's Spring 2020 semester did not choose to attend an online only institution of higher learning, but instead chose to enroll in NYIT's in-person educational programs – with the understanding that NYIT would provide in-person educational opportunities, services, and experiences.

34.     On its website and in its documents, NYIT markets the Institute's on-campus experience and opportunities as a benefit to students. NYIT's application portal directly markets the benefits of the in-person college experience the Institute offers, including statements such as "As a student, you'll have opportunities to tackle real-world challenges in our classrooms, engage in research in our tech-infused labs, pursue internships with top NYC firms, start you own professional clubs or company, network with industry leaders, learn from expert professor, and transform ideas into creative solutions that improve society."[4]

35.     Defendant marketed and conveyed the in-person experiences, including through sample materials like this:

---

[4] https://www.commonapp.org/explore/new-york-institute-technology-nyit

















36.     NYIT was unable to offer the "NYIT Experience" or similar experiences as detailed in the marketing materials and documents provided to Plaintiff and similarly situated individuals because of COVID-19.

37.     NYIT uses its website, promotional materials, circulars, admission papers, and publications to tout the benefit of being on campus and the education students will receive in its facilities.[5]

38.     In its Academic Catalogs from 2019-20, NYIT specifically:

   a. promoted and conveyed the services offered including the in-person services: "Students are encouraged to take advantage of the available services that are designed to assist students in successfully achieving their academic and career goals at NYIT."
   b. promoted and marketed in-person academic support and academic support: "NYIT recognizes that academic advising is a critical component of the educational experience."
   c. promoted campus activities: "NYIT campuses provide a developmental environment that promotes personal responsibility and leadership through involvement in cultural, educational, and social events outside the classroom."

39.     As a result of COVID-19, the online-only learning options offered to NYIT's students was different in practically every aspect as compared to what the educational experience afforded Plaintiff and the members of the Class once was.  During the online portion of the Spring 2020 semesters, NYIT used programs by which previously recorded lectures were posted online for students to view on their own or by virtual Zoom meetings. Therefore, there was a lack of classroom interaction among teachers and students, and among students that was expected as per typical in person learning settings.

40.     The online formats being used by NYIT do not require memorization or the development of strong study skills given the absence of any possibility of being called on in class

---

[5] *See* NYIT's 2019-2020 catalog that promotes a number of the programs, majors, and classes that provide hands-on education experiences https://catalog.nyit.edu/files/catalog/archives/NYITUndergraduateCatalog_AY1920.pdf

and the ability to consult books and other materials when taking exams. Further, the ability to receive a Pass-Fail grade rather than a letter grade provides educational leniency that the students would not otherwise have with the in-person letter grading education that was paid for and expected.

41.     Students, like Plaintiff, have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

42.     Access to facilities, which have been denied to Plaintiff and students, such as libraries, laboratories, computer labs, recitations, and study rooms, are integral to NYIT's educational services for which Plaintiff paid a premium.

43.     Access to activities offered by campus life fosters intellectual and academic development and independence, and networking for future careers.

44.     NYIT priced the tuition and Mandatory Fees based on the in person educational services, opportunities and experiences it was providing on campus.

45.     NYIT has not made any refund of any portion of the tuition Plaintiff and the members of the Class paid for the semesters affected by Covid-19.

46.     NYIT has not refunded any portion of the Mandatory Fees it collected from Plaintiff and the members of the Class for the affected semester even though it closed or ceased operating the services and facilities for which the Mandatory Fees covered.

47.     Plaintiff and the Class members are therefore entitled to a pro-rated refund of the tuition and Mandatory Fee they paid for the Spring 2020 semester for the remaining days of that semester after classes moved from in-person to online and facilities were closed, and for the future semesters where in-person classes are cancelled and moved online.

48.     Defendant's practice of failing to provide reimbursements for tuition and

Mandatory Fees despite the diminished value of the education and other experiences that it provided, and the reduced benefits associated with the fees, as alleged herein, violates generally accepted principles of business conduct.

## CLASS ACTION ALLEGATIONS

49.    Plaintiff brings this case individually and, pursuant to FRCP 23, on behalf of the class defined as:

> All persons who paid, or will pay, tuition and/or the Mandatory Fees for a student to attend in-person class(es), at NYIT's Campuses, during the Spring 2020 or any other semester affected by Covid-19 at NYIT but had their educational experiences and class(es) moved to online only learning (the "Class").

50.    Plaintiff reserves the right to modify or amend the definition of the proposed Class if necessary, before this Court determines whether certification is appropriate.

51.    This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of FRCP 23 and other statutes and case law.

52.    The Class is so numerous that joinder of all members is impracticable.  Although the precise number of Class members is unknown to Plaintiff, the Institute has reported that an aggregate of 3,000 or more undergraduate and graduate students were enrolled for the 2019-2020 school year. The names and addresses of all such students are known to the Institute and can be identified through the Institute's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

53.    The questions here are ones of common or general interest such that there is a well-defined community of interest among the class members.  These questions predominate over questions that may affect only individual members of the Class because NYIT has acted on

13

grounds generally applicable to the classes.  Such common legal or factual questions include, but are not limited to:

      a.      Whether NYIT accepted money from Plaintiff and the Class members in exchange for the promise to provide an in-person and on-campus live education, as well as certain facilities and services throughout the semesters affected by Covid-19;

      b.      Whether Defendant breached its contracts with Plaintiff and the members of the Class by failing to provide them with an in-person and on-campus live education after March 10, 2020;

      c.      Whether Defendant breached its contracts with Plaintiff and the Class by failing to provide the services and facilities to which the Mandatory Fees pertained after mid-March 2020; and

      d.      Whether Defendant breached the covenant of good faith and fair dealing with Plaintiff and the members of the Class by failing to provide them with an in-person and on-campus live education after March 10, 2020;

      e.      Whether Defendant breached the covenant of good faith and fair dealing with Plaintiff and the members of the Class by failing to provide the services and facilities to which the Mandatory Fees pertained after mid-March 2020;

      f.      Whether Defendant is unjustly enriched by retaining all of the tuition and Mandatory Fees during the time when NYIT has been closed, and Plaintiff and the members of the Class have been denied

an in-person and on-campus live education and access and the services and facilities for which the Mandatory Fees were paid;

g.  Whether Defendant intentionally interfered with the rights of the Plaintiff and the Class when it cancelled all in-person classes and only provided a remote online format, cancelled all on-campus events, strongly encouraged students to stay away from campus, and discontinued services for which the Mandatory Fees were intended to pay, all while retaining the tuition and Mandatory Fees paid by Plaintiff and the Class; and

h.  The amount of damages and other relief to be awarded to Plaintiff and the Class members.

54.  Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and the other Class members each contracted with Defendant for it to provide an in-person and on-campus live education for the tuition they paid and the services and facilities for the Mandatory Fees that they paid, that the Institute stopped providing in mid-March.

55.  Plaintiff is a more than adequate class representative.  In particular:

a)  Plaintiff is committed to the vigorous prosecution of this action on behalf of herself and all others similarly situated and has retained competent counsel experienced in the prosecution of class actions and, in particular, class action litigation;

b)  because her interests do not conflict with the interests of the other Class members who she seeks to represent;

c)  no difficulty is anticipated in the management of this litigation as a class action; and

d)  Plaintiff's legal counsel has the financial and legal resources to meet the substantial costs and legal issues associated with this type

of litigation.

56.    Class members' interests will be fairly and adequately protected by Plaintiff and his counsel.

57.    It is impracticable to bring members of the Classes individual claims before the Court. Class treatment permits a large number of similarly situated persons or entities to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, expense, or the possibility of inconsistent or contradictory judgments that numerous individual actions would engender.  The benefits of the class mechanism, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action.  A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The damages or financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against the Institute.  It would, thus, be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

58.    Plaintiff also seeks class certification for injunctive and declaratory relief under FRCP 23(b)(2) and (b)(3), at the appropriate juncture.

## FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT
### (On Behalf of Plaintiff and the Class)

59.     Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein, including those made in paragraphs 1 through 58 above.

60.     Plaintiff brings this claim individually and on behalf of the members of the Class.

61.     By paying the Institute tuition and the Mandatory Fees for the Spring 2020 semester, the Institute agreed to, among other things, provide an in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees that were paid pertained to throughout those semesters.  As a result, Plaintiff and each member of the Class entered into a binding contract with the Institute.

62.     NYIT has held that its in-person educational opportunities, experiences, and services are of substantial value.

63.     NYIT has agreed to provide in-person educational opportunities, experiences, and services to enrolled students.

64.     NYIT has promoted its in-person educational services as being valuable to students' educational experiences and their development.

65.     In marketing materials and other documents provided to the Named Plaintiff, Defendant promoted the value of the in-person education experiences, opportunities, and services that Defendant provided.

66.     Defendant provided Plaintiff with an acceptance letter that the Named Plaintiff accepted based on the promise of in-person educational experiences, opportunities, and services that Defendant would provide.

67.     The Institute has breached its contract with Plaintiff and the Class by failing to

provide the promised in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees pertained throughout the semesters affected by Covid-19, yet has retained monies paid by Plaintiff and the Class for a live in-person education and access to these services and facilities during these semesters.

68.     Plaintiff and the members of the Class have therefore been denied the benefit of their bargain.

69.     Plaintiff and members of the Class have performed all of the obligations on them pursuant to their agreement – including by making such payments or securing student loans or scholarships to pay for such education.

70.     Plaintiff and the members of the Class have suffered damage as a direct and proximate result of the Institute's breach in the amount of the prorated portion of the tuition and Mandatory Fee they each paid during the portion of the semesters affected by Covid-19 in which in-person classes were discontinued and facilities were closed by the Institute.

71.     The Institute should return such portions of the tuition and Mandatory Fee to Plaintiff and each Class Member.

<u>**SECOND CLAIM FOR RELIEF**</u>
<u>**UNJUST ENRICHMENT**</u>
<u>**(On Behalf of Plaintiff and the Class)**</u>

72.     Plaintiff incorporates the allegations by reference as if fully set forth herein, including those made in paragraphs 1 through 71 above.

73.     In the alternative, Plaintiff brings this claim for unjust enrichment individually and on behalf of the members of the Class.

74.     By paying NYIT tuition and the Mandatory Fee for the Spring semester, the Institute agreed to, among other things, provide an in-person and on-campus live education as well

as the services and facilities to which the Mandatory Fee that was paid pertained to throughout the semester.

75.     Defendant conveyed in writing in documents and in other materials to Plaintiff and similarly situated individuals that it would provide in-person educational services, opportunities, and experiences.

76.     Defendant conveyed in writing in documents and in other materials that Plaintiff and similarly situated individuals would have access to the services for which they paid the Mandatory Fees.

77.     Defendant has retained the benefits of the amount of tuition and Mandatory Fees that Plaintiff and similarly situated individuals has provided – without providing the benefits that Plaintiff is owed.

78.     For example, Defendant failed to provide Plaintiff and Class Members access to any on-campus facility after in or around March 10, 2020. Yet Defendant assessed Plaintiff with tuition and Mandatory Fees that covered the cost of upkeep and maintenance of such facilities, services, costs, and expenses.

79.     Plaintiff was not able to access such facilities or services remotely.

80.     Plaintiff paid tuition and Mandatory Fees with the expressed understanding that such costs included the in-person classes, services, opportunities, and experiences that NYIT have previously marketed, promoted, or made available prior to Covid-19.

81.     Defendant has been unjustly enriched by Plaintiff's payment of tuition and Mandatory Fees.

82.     Despite not being able to provide such services, NYIT failed to provide reimbursements for tuition and fees despite the diminished value of the education and other

experiences that it provided, and the reduced benefits associated with the fees.

83.     Plaintiff and members of the Class have sustained monetary damages as a result of each of Defendant's breaches of the covenant of good faith and fair dealing.

84.     Defendant's act was unjust for them to keep money for services they did not render.

**THIRD CAUSE OF ACTION**
**CONVERSION & TAKING OF PROPERTY**
**(On Behalf of Plaintiff and the Class)**

85.     Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein, including those made in paragraphs 1 through 84 above.

86.     Plaintiff brings this claim individually and on behalf of the members of the Class.

87.     Plaintiff and members of the Class provided the Institute with property in the form of funds (tuition and Mandatory Fees), to be in exchange for in person on campus services, facilities and face to face instruction.

88.     The Institute exercises control over Plaintiff's and Class members' property.

89.     The Institute intentionally interfered with Plaintiff's and the Class members' property when it unilaterally moved all in-person classes to a remote online format, cancelled all on-campus events, strongly encouraged students to stay away from campus, and discontinued services for which the Mandatory Fees were intended to pay, all while retaining the tuition and Mandatory Fees paid by Plaintiff and the Class.

90.     Class members demanded the return of their property proportionate to the reduction in benefit for education and services during the Spring 2020 semester when in-person and on-campus live education, and access to the Institute's services and facilities were unavailable.

91.     The Institute's retention of the tuition and Mandatory Fees paid by Plaintiff and the Class without providing the services for which they paid, deprived Plaintiff and Class of the

benefits for which the tuition and Mandatory Fees were paid, and of their funds paid for those benefits.

92.    The Institute converted Plaintiffs' property (tuition and fees) into revenue for the the Institute without providing the services the Plaintiffs paid for.

93.    Thus, Defendant converted and took that property from Plaintiffs.

94.    Plaintiff and the Class members are entitled to the return of the pro-rated amounts of tuition and Mandatory Fees each paid equal to the reduction in benefit for education and services during the Spring 2020 semester when in-person and on-campus live education, and access to the Institute's services and facilities were unavailable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and the Class against Defendant as follows:

(a)    For an order certifying the Class under the FRCP and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b)    For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c)    For compensatory damages in an amount to be determined by the trier of fact;

(d)    For an order compelling disgorgement of the ill-gotten gains derived by Defendant from its misconduct;

(e)    For an order of restitution and all other forms of equitable monetary relief;

(f)     For an order awarding Plaintiff's reasonable attorneys' fees, costs, and expenses;

(g)     For an order awarding pre- and post-judgment interest on any amounts awarded; and,

(h)     For an order awarding such other and further relief as may be just and proper, including injunctive relief and declaratory relief.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: September 23, 2020                    Respectfully submitted,


_____/S/_____

Michael A. Tompkins, Esq.
Jeffrey K. Brown, Esq.
Brett R. Cohen, Esq.
Anthony Alesandro, Esq.
**LEEDS BROWN LAW, P.C.**
One Old Country Road, Suite 347
Carle Place, NY 11514
(516) 873-9550
mtompkins@leedsbrownlaw.com
jbrown@leedsbrownlaw.com
bcohen@leedsbrownlaw.com
aalesandro@leedsbrownlaw.com

*Counsel for Plaintiff and Proposed Class*