UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────X
NASIR BOYKIN-SMITH, *on behalf of herself and all others similarly situated*,

                       Plaintiff,

    v.

NEW YORK INSTITUTE OF TECHNOLOGY (NYIT),

                       Defendants.
───────────────────────────────X

For Online Publication Only

**ORDER**
20-CV-4108 (JMA) (ARL)

**AZRACK, United States District Judge:**

Plaintiff Nasir Boykin-Smith, a student at Defendant New York Institute of Technology ("NYIT"), filed this putative class action seeking damages stemming from NYIT's cessation of in-person educational activities during the COVID-19 pandemic. Currently pending before the Court is Plaintiff's motion to remand this action to state court. (ECF No. 14.) For the reasons stated below, Plaintiff's remand motion is GRANTED.

### I. BACKGROUND

NYIT's two main campuses are located in New York State. NYIT also has four smaller campuses located abroad in China, Canada, and Abu Dhabi. NYIT also runs the New York Institute of Technology College of Osteopathic Medicine ("NYITCOM"). One of NYITCOM's campuses is in New York and the other is in Arkansas.

In August 2020, Plaintiff filed this putative class action in Nassau County Supreme Court. On September 2, 2020, NYIT removed this action to federal court, invoking jurisdiction under the Class Action Fairness Act ("CAFA"), 28. U.S.C. § 1332(d).

1

A. **The Original Complaint Filed in State Court**

Set out below are the allegations from Plaintiff's original complaint that are relevant to the remand issues before the Court. In the original complaint, Plaintiff pursued a putative class action "on behalf of [herself] and those similarly situated individuals . . . who paid tuition and fees for the Spring 2020 semester to New York Institute of Technology." (Compl. ¶¶ 1, 42, ECF No. 1-1.) The original complaint alleged that "Defendant NYIT is a private university with two main campuses located" in Old Westbury, New York and New York City. (Compl. ¶ 38.) According to the original complaint, on March 10, 2020, NYIT canceled all in-person educational activities indefinitely and then, on March 21, 2020, NYIT announced that this cancellation would continue through the remainder of the Spring 2020 semester, with all learning to take place online. (Compl. ¶ 4, 15.)

The original complaint alleged claims for breach of contract, conversion, and unjust enrichment on behalf of Plaintiff and all class members. The complaint explicitly asserted that "[u]nder New York's common law principles of unjust enrichment, it is inequitable for Defendant to retain the benefits conferred by Plaintiff's and Class Members' overpayments." (Compl. ¶ 69 (emphasis added).). The original complaint alleged that venue was appropriate in Nassau County because NYIT provided services and entered into agreements "in New York State and in Nassau County" and the "acts and occurrences that give rise to the claims occurred within Nassau County." (Compl. ¶¶ 33–35.)

B. **Post-Removal Procedural History**

Shortly after removal, Defendant filed a pre-motion conference letter concerning a proposed motion for judgment on the pleadings. (ECF No. 7.) In response, Plaintiff filed a letter on September 18, 2020 indicating that she intended to file an amended complaint. (ECF No. 8.)

Plaintiff's letter also indicated that there may be an issue concerning "putative class composition in regard to jurisdiction under [CAFA.]"  (Id.)

Plaintiff then filed an amended complaint, which noted that NYIT had removed the case under CAFA and that, as of the filing of the amended complaint, Plaintiff was not in a position to determine "the percentage of putative class members who are citizens of the State of New York versus those who are not — which would otherwise allow for a determination of whether CAFA jurisdiction is proper."  (Am. Compl. at 4 n.1, ECF No. 9.)  The Amended Complaint expanded on some of Plaintiff's factual allegations, but is largely similar to the original complaint with respect to issues relevant to the pending remand motion.  The definition of the class in the Amended Complaint largely tracked the definition in the original complaint.  (Am. Compl. ¶ 49) (defining class as "[a]ll persons who paid, or will pay, tuition and/or the Mandatory Fees for a student to attend in-person class(es), at NYIT's Campuses, during the Spring 2020 or any other semester affected by Covid-19 at NYIT but had their educational experiences and class(es) moved to online only learning (the "Class")."）

On October 1, 2020, the Court held a pre-motion conference and then stayed discovery pending the resolution of motions to dismiss that were filed in similar cases against colleges and universities in the Southern District of New York.  The issue of CAFA jurisdiction was also discussed at the pre-motion conference.

On September 30, 2021, Plaintiff filed the instant motion, seeking to remand this action back to state court.

Prior to filing their motion to remand, Plaintiff had sent a letter to Defendant asserting Plaintiff's view that this action should be remanded based on certain enrollment information from the National Center for Education Statistics.  In response, Defendant provided Plaintiff with

enrollment data for the Spring 2020 semester concerning its domestic and foreign campuses. This information identifies the total numbers of students who were enrolled at each of NYIT's campuses in the Spring of 2020 and the number of those students who were residents of New York.

## II. DISCUSSION

It is undisputed that this Court has jurisdiction over this action as CAFA's requirements for minimal diversity and the amount-in-controversy are satisfied. Plaintiff, however, contends that the Court should remand this action pursuant to CAFA's "home state exceptions" to federal jurisdiction. According to Plaintiff, the Court is required to decline jurisdiction over this action under 28 U.S.C. § 1332(d)(4). Plaintiff also asserts that, if § 1332(d)(4) is inapplicable, discretionary remand is warranted under 28 U.S.C. § 1332(d)(3).

### A. **Mandatory Remand under § 1332(d)(4)**

Under § 1332(d)(4), a "district court shall decline to exercise jurisdiction" over a class under CAFA if, inter alia, the defendant is a citizen of the state where the action was originally filed and "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4) (emphasis added).

Plaintiff bears the burden of proving the applicability of CAFA's exceptions by a preponderance of the evidence. Stellato v. Hofstra Univ., No. 20-CV-1999, 2022 WL 2222875, at *1 (E.D.N.Y. June 17, 2022).

If all of NYIT's campuses are considered, there would be 8,291 total class members and 4,334 class members who are residents of New York. Thus, the New York class members would make up greater than one-third (1/3) of the total class (2,763 class members), but less than two-thirds (2/3) of the total class (5,521 class members).

4

If only NYIT's New York campuses are considered, there are 6,473 total class members, and 4,330 class members who are residents of New York. For this narrower class, the New York class members would constitute more than two-thirds (2/3) of the total class (4,311 class members).

Defendant maintains that § 1332(d)(4) is not applicable because the class definition in the original complaint is broad and includes students at NYIT's overseas campuses and its campus in Arkansas. Defendant insists that those campuses must be considered as part of the calculus under § 1332(d)(4) as the definition of the class in the original complaint did not explicitly exclude NYIT's foreign campuses or explicitly limit the class to NYIT's New York campuses.

After receiving the above enrollment information from Defendant, Plaintiff offered to stipulate that she was "not asserting claims on behalf of foreign students at foreign campuses" and to amend the complaint to clarify the scope of the putative class. (ECF No. 14 at 3.) Defendant, however, refused this offer. (Id.) In her motion to remand, Plaintiff reiterates these offers and insists that she is only pursuing "New York common law claims for agreements entered into between a New York-based institution with students that signed up to attend classes <u>at New York physical locations</u>." (Id. (emphasis added).)

In opposing Plaintiff's remand motion, Defendant asserts that Plaintiff's attempts to amend the complaint after removal are irrelevant and insists that, in determining the scope of the putative class for purposes of § 1332(d)(4), the Court must look solely to the definition of the class in original complaint.

"After proper removal to federal court, post-removal amendments generally do not destroy statutory subject-matter jurisdiction." In Touch Concepts, Inc. v. Cellco P'ship, 788 F.3d 98, 100–01 (2d Cir. 2015). For example, a plaintiff's elimination of all class claims from an amended

5

complaint that the plaintiff files after removal will not deprive the court of jurisdiction under CAFA.  Id.

Some courts have similarly refused to consider post-removal amendments when addressing the exceptions to CAFA jurisdiction set out in § 1332(d)(3) and (d)(4).  See Romano v. Northrop Grumman Corp., No. 16-CV-5760, 2017 WL 6459458, at *5 (E.D.N.Y. Dec. 15, 2017).  Other courts, however, have considered post-removal amendments that clarified the plaintiff's allegations related to these CAFA exceptions.  See Borgia v. Bird Rides, Inc., No. 19-CV-189685, 2019 WL 3814280, at *4 (C.D. Cal. Aug. 13, 2019).

Given all the circumstances here, there is a strong argument that the Court should accept, and consider, Plaintiff's stipulation to exclude the campuses outside of New York and to limit the putative class to students who signed up to attend classes at NYIT's New York campuses.  When reading the original complaint in its entirety, the Court does not believe that Plaintiff intended to pursue a class that included NYIT's campuses outside of New York, particularly the campuses located overseas.  The class claims in the original complaint are brought under New York law, which is a strong indication that Plaintiff was focused on the students at the two main campuses located in New York.  Plaintiff herself was enrolled in New York and it is doubtful that Plaintiff—who never references any of the campuses outside of New York in the original complaint—intended to include foreign students at the overseas campuses given the obvious difficulties that certification of such a class would entail.

It is ultimately unnecessary to decide this issue because, even if the Court were required to exclude post-removal amendments from its consideration and were to find § 1332(d)(4) inapplicable, the Court would exercise its discretion under § 1332(d)(3) and would remand the case on that basis.

B. **Discretionary Remand Under § 1332(d)(3)**

Plaintiff asserts that, even if § 1332(d)(4) is not satisfied, remand is warranted under 28 U.S.C. § 1332(d)(3). Under Section 1332(d)(3), a "district court may . . . decline to exercise jurisdiction [over a class action under CAFA] in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." (Id. (emphasis added).) In making this determination, the Court weighs the "the interests of justice" and the "totality of the circumstances" based on six specific factors set out in § 1332(d)(3).

Even when the class includes all of NYIT's campuses and only the original complaint is considered, Plaintiff has established by a preponderance of the evidence that more than one-third (1/3) of the class members are citizens of New York. Having considered each of the relevant factors below, the Court concludes that a discretionary remand under § 1332(d)(3) is appropriate here.

Notably, in a similar case against Hofstra University involving the closure of the school during the COVID-19 pandemic, the Honorable Gary R. Brown exercised his discretion under § 1332(d)(3) to decline jurisdiction over that class action. Stellato v. Hofstra Univ., No. 20-CV-1999, 2022 WL 2222875, at *2 (E.D.N.Y. June 17, 2022). The reasoning of Stellato is persuasive here. See id. at *2 ("The Court has considered all six enumerated factors and finds most compelling that these class actions involve New York State Mandates and Executive Orders, New York State Law claims and consist primarily of New York State citizens.") (citing 28 U.S.C §§ 1332(d)(3)(A); (B); (E)).

The Court further addresses each of the relevant factors below.

7

### 1. Whether the Claims Asserted Involve Matters of National or Interstate Interest

The claims here do not involve matters of national or interstate interest. This case primarily involves campuses in New York State and citizens of New York. This factor favors Plaintiff.[1]

### 2. Whether the Claims Asserted Will be Governed by New York Law or by the Laws of Other States

The vast majority of the putative class members were enrolled at NYIT's campuses located in New York. Their claims will be governed by New York law, which will be the primary focus of this action. The claims of class members at other campuses might be governed by New York law or by the laws of the jurisdictions where those campuses are located. And, even assuming arguendo that New York law would not apply to those claims, this factor still weighs in favor of remand.[2] See 2 Newberg and Rubenstein on Class Actions § 6:21 (6th ed.) ("Courts have generally held that the second factor . . . can weigh in favor of remand even if other claims (including claims under federal statutes or the laws of other states) are involved in the suit.").

### 3. Whether the Class Action has been Pleaded in a Manner that Seeks to Avoid Federal Jurisdiction

The original class action complaint was not pleaded in a manner to avoid federal jurisdiction. In fact, Plaintiff may have unwittingly drafted the original complaint to encompass the claims of students at the overseas campuses. It is unlikely that Plaintiff ever intended to pursue those claims in this case.

---

[1] Even if this factor was considered neutral or weighed in Defendants' favor, the Court's ultimate decision would be the same.

[2] It is doubtful that Plaintiff would actually pursue claims on behalf of foreign students and foreign campuses and certification of a class including such claims appears to be exceedingly unlikely. Those points are further reason why determinations of New York law will be the focus of this class action.

### 4. Whether the Action was Brought in a Forum with a Distinct Nexus with the Class Members, the Alleged Harm, or the Defendants

This action was originally brought in New York state court and New York has the most obvious nexus to the class members, the alleged harm, and the defendant.

### 5. Whether the Number of Citizens of New York in the Proposed Class is Substantially Larger than the Number of Citizens From Any Other State, and the Citizenship of the Other Members of the Proposed Class is Dispersed Among a Substantial Number of States

While Plaintiff has not provided information about the non-New York class members, the Court can easily infer that the number of New York class members is substantially larger than the number of class members from any other single state. There are a total of 4,334 New York class members and there are substantially more New York class members at the New York campuses than class members from other states. Even if the Court were to assume that all of the other class members at the New York campuses are from neighboring New Jersey, the number of class members from New York State would still be substantially larger than the class members from New Jersey.[3]

### 6. Whether, During the 3-year Period Preceding the Filing of the Instant Case, Other Similar Class Actions Have Been Filed

There is no evidence that any similar class actions have been filed against NYIT in the preceding three years. Defendant does not argue otherwise.

### 7. Defendant's Arguments

Defendant insists that Plaintiff is engaged in forum-shopping and is seeking to avoid recent

---

[3] Of course, the class members from outside New York are not, in fact, all from New Jersey. While the Court does not have precise data about the non-New York class members, the information that Plaintiff provided from the National Center of Education Statistics is probative evidence on this question. Those records indicate that NYIT's freshman classes are geographically diverse. (ECF No. 14, Ex. B.)

As for the foreign campuses, the Court can infer that the students at these campuses are not predominantly from New Jersey or any other single state. A majority of these students are surely citizens of the countries where these campuses are located. (See ECF No. 14, Ex. C (only 3 out of 743 students at Vancouver campus are from New York).)

9

adverse rulings by other district courts in the Second Circuit. These arguments do not convince the Court that remand is inappropriate here. Plaintiff filed suit in state court before any of the adverse federal decisions cited by Defendant. Moreover, the Court stayed discovery pending the resolution of motions to dismiss that were pending the Southern District. Finally, concerns about forum shopping are addressed by § 1332(d)(3)(C), which, as discussed above, considers whether the class action has been pleaded in a manner that seeks to avoid federal jurisdiction.

**8. Conclusion.**

Given all of the relevant factors, the Court finds it is appropriate to decline jurisdiction under § 1332(d)(3) and to remand this action back to state court. Accordingly, Plaintiff's remand motion is GRANTED. The Clerk of Court is respectfully directed to remand this action to Supreme Court, Nassau County, and to close this case.

**SO ORDERED.**

Dated: October 5, 2022
Central Islip, New York

    /s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE
